UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT EARL KING, III.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-808** |
| **REDIVAC EMERGENCY TRANSPORTATION SERVICE** | **SECTION "J" (4)** |

# REPORT AND RECOMMENDATION

Plaintiff Robert Earl King, III. filed a complaint pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2).  Having considered the record and the applicable law, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I.  Background

### A.  Complaint (ECF No. 3)

King, a pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant 42 U.S.C. § 1983 against defendant Redivac Emergency Transportation Service. ECF No. 3 at 1; *id*. ¶III(B), at 4. King alleges that on October 16, 2022, his seven-month-old twins were being transported by Redivac when someone blew up the van on Highway 1 near Alexandria, Louisiana, around 6:45 p.m. *Id*. As relief, King seeks monetary compensation. *Id*. at 5.

## II.  Standards of Review for Frivolousness

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other*

*grounds*; *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). On the other hand, it lacks an arguable factual basis if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

    **A.    Improper Defendant**

In this case, King named Redivac Emergency Transportation Services as the sole defendant. As outlined below, this private entity is not a proper defendant and the claims against it must be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

A plaintiff bringing a § 1983 complaint is required to identify both a constitutional violation and the responsible person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). Generally, a suit under § 1983 cannot be brought against a private entity

2

acting in its private capacity. *See Wheat v. Mass*, 994 F.2d 273, 275-76 (5th Cir. 1993) (a hospital does not become a state actor simply due to receipt of public funds and being subject to state regulation); *Lott v. Lopinto*, No. 19-14010, 2021 WL 11550132, at *2 (E.D. La. Jan. 29, 2021) (citations omitted) ("neither Walmart nor its employees are "considered to be acting under color of state law for purposes of § 1983 liability."). A non-state or private actor can, however, be held liable under a § 1983 cause of action if the actor engaged in "a conspiracy with state actors to violate [the plaintiff's] constitutional rights." *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008); *see Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004) (private company not liable under § 1983 unless plaintiff alleges and proves an agreement between private and public defendants to commit an illegal act resulting in a deprivation of the plaintiff's constitutional rights). Although the Court must "treat *pro se* pleadings more liberally, some facts must be alleged that convince [the Court] that the plaintiff has a colorable claim." *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988).

Redivac Emergency Transportation Service is a private entity, and King has not alleged that this private defendant was acting under color of state law. Further, his factual allegations do not provide any basis to conclude that it acted in conspiracy with any state actor to violate his constitutional rights.

For these reasons, Redivac Emergency Transportation Service cannot be held liable under § 1983. Any claims against Redivac Emergency Transportation Service are frivolous, fail to state a claim for which relief can be granted, and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

B. **Timeliness**

Even if King could allege a proper defendant or violation of his constitutional rights based on the incident that took place on October 16, 2022, any claim would be considered untimely under § 1983.

"[T]he statute of limitations for a Section 1983 action is a state's general or residual personal injury statute of limitations." *Brown v. Pouncy*, 93 F.4th 331, 334 (5th Cir. 2024) (citation omitted), *cert. denied*, 145 S. Ct. 170 (2024). In this instance, Louisiana's one-year statute of limitations, or prescriptive period, for tort claims would apply.[1] King alleges the incident in this suit occurred on October 16, 2022, but did not file his original complaint until April 24, 2025. ECF No. 1 (Deficient complaint).

In addition to applying the forum state's statute of limitations, federal courts should give effect to any applicable tolling provisions provided by state law. *Lopez-Vences v. Payne*, 74 F. App'x 398, 398 (5th Cir. 2003); *Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002). The running of prescription under Louisiana law may be suspended or tolled for equitable reasons, which have been expressed in the civilian legal principle of *contra non valentem*. *Crane v. Childers*, 655 F. App'x 203, 204 (5th Cir. 2016) (citing *Corsey v. State*, 375 So. 2d 1319, 1321 (La. 1979)). *Contra non valentem* excepts a plaintiff from an applicable prescriptive period "where the cause of action is not known or reasonably knowable by the plaintiff." *Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510, 517 (5th Cir. 2009) (quoting *Cole v. Celotex Corp.*, 620 So.2d 1154, 1156 (La. 1993)).

---

[1] In 2024, Louisiana's prescriptive period for torts was extended to two years. La. Civ. Code art. 3493.1. However, this change has "prospective application only," and thus the two-year prescriptive period applies "to delictual actions arising after the [July 1, 2024] effective date of [Act 423]." 2024 La. Sess. Law Serv. Act 423 (H.B. 315). Since the alleged incidents underlying King's claims occurred before July 1, 2024, the former one-year prescriptive period under La. Civ. Code art. 3492 applies. *See Allied World Nat'l Assurance Co. v. Nisus Corp.*, 134 F.4th 821, 826 n.3 (5th Cir. 2025) (applying the former Article 3492's one-year prescriptive period to tort claim arising from facts occurring before July 1, 2024).

4

King does not assert that he was unable to file his action within the one-year period. Further, nothing suggests that the doctrine of *contra non valentem* or any other doctrine may toll the prescriptive period. Therefore, Louisiana's one-year prescriptive period on King's claims ran before he filed his complaint on April 24, 2025 and should therefore should be dismissed as frivolous. *See, e.g., Brown v. Pool*, 79 F. App'x 15, 17 (5th Cir. 2003); *Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

Because his claims are prescribed, it would further be unnecessary to afford King an inherently futile opportunity to file an amended complaint to name a proper defendant. *See, e.g., Smith v. Terrebonne Par. Crim. Just. Complex*, No. 14-2207, 2014 WL 5780696, at *3 (E.D. La. Nov. 4, 2014) ("[T]he Court need not give plaintiff an opportunity to amend his complaint to name a proper defendant, because it is clear that his underlying claim is frivolous and/or fails to state a claim on which relief may be granted . . ."); *see also Martzen v. McLane*, 764 F. App'x 402, 403 (5th Cir. 2019) (noting that a plaintiff need not be given an opportunity to amend if he has "already alleged his best case and . . . any further amendment would not have stated a valid § 1983 claim").

## IV. <u>Recommendation</u>

Accordingly,

It is therefore **RECOMMENDED** that plaintiff Robert Earl King III's 42 U.S.C. § 1983 claims against defendant Redivac Emergency Transportation Service be **DISMISSED WITH PREJUDICE** as frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[2]

New Orleans, Louisiana, this 22nd day of January, 2026.

_____<br>
KAREN WELLS ROBY<br>
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.